# United States Tax Court

T.C. Summary Opinion 2026-3

MARIE M. KANDA,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 3772-24S.                                Filed April 20, 2026.

————————

Marie M. Kanda, pro se.

*Jim Liang*, *Amanda K. Bartmann*, and *Victoria E. Cvek*, for respondent.

## SUMMARY OPINION

WAY, *Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a Notice of Deficiency (Notice), dated February 12, 2024, respondent determined for tax year 2021 (year at issue) a deficiency in Marie M. Kanda's federal income tax of $26,560 and a section 6676 erroneous claim for refund or credit penalty of $5,312.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

After respondent's concession,[2] the issues for decision are whether for the year at issue petitioner was engaged in a trade or business and whether she was eligible to receive certain refundable COVID–19-related sick and family leave credits, specifically the temporary credits enacted by the Families First Coronavirus Response Act (FFCRA), Pub. L. No. 116-127, §§ 7002, 7004, 134 Stat. 178, 212, 217 (2020) (as amended by the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, div. N, § 286, 134 Stat. 1182, 1989 (2020)), and those enacted by the American Rescue Plan Act of 2021 (ARPA), Pub. L. No. 117-2, §§ 9642 and 9643, 135 Stat. 4, 171, 174 (2021).

For the reasons stated below, the Court concludes that petitioner was not engaged in a trade or business and was not eligible for the COVID-19-related sick and family leave credits.

*Background*

On April 16, 2025, the Court conducted a trial of this case in Baltimore, Maryland. These findings are derived from the pleadings, a Stipulation of Facts with attached Exhibits, and the Exhibits and testimony admitted into evidence at trial. At the time of filing the Petition, petitioner resided in Maryland.

I.  *Petitioner's Work and Medical History*

Between 2015 and 2023, petitioner experienced a number of serious health problems. Her ailments included breast cancer, severe osteoarthritis of the knees, right shoulder pain, right heel pain, and depression. Petitioner, however, did not contract COVID–19. During these years, she collected Social Security disability payments.

Although her doctor indicated that she was disabled and unable to work between 2018 and 2023, her ailments did not prevent petitioner from working part time vacuuming, shining, and cleaning vehicles. She purportedly worked only on weekends, two to three hours per day. She did not maintain business records to account for this work. When she got paid, she would simply remove the cost of her cleaning materials and deposit the rest in a bank account.

Petitioner's husband, Richard Kanda, assisted petitioner with clients and managing her income. Mr. Kanda kept customer invoices

---

[2] Respondent has conceded that petitioner is not liable for the section 6676 erroneous claim for refund or credit penalty for the year at issue.

associated with petitioner's work and had some handwritten monthly expense reports but did not record those amounts in a ledger. On November 5, 2020, Mr. Kanda and petitioner entered into a written partnership agreement, purportedly forming a partnership that operated under the name Kanda Auto Service.

## II.  *Petitioner's Tax Returns*

For the years before the year at issue, petitioner and her husband filed joint federal income tax returns. On their 2017 return, they reported their occupations as "business," but their Schedule C, Profit or Loss From Business, listed only Mr. Kanda as the proprietor of "Kanda Auto Services and Transportation."

For 2018, the couple filed with their joint return Schedule C–EZ, Net Profit From Business, upon which they reported Mr. Kanda as the proprietor in the business of "mechanic." On the return, petitioner listed herself as having no occupation. They took similar positions and listed the same occupations (or lack thereof in the case of petitioner) on their 2019 and 2020 returns.

For 2020, Mr. Kanda and petitioner reported unemployment income of $21,100, offset by the unemployment compensation exclusion of $10,200, for total income of $10,900. This was the only income they reported; they reported no self-employment income for that year. As this amount was less than the standard deduction of $24,800, the couple reported no income tax liability for 2020.

For the year at issue, petitioner filed a separate return and selected married filing separately status. She reported her occupation as "childcare." Her only source of reported income was $10,190 in purported business income. She attached a Schedule C to this return, reporting the trade or business of "auto mechanic" with $19,865 in gross receipts, $9,675 in deductible expenditures, and $10,190 in net business income. She also claimed $28,000 in refundable COVID–19-related sick and family leave credits. Specifically, on her Schedule 3, Additional Credits and Payments, she reported $12,900 in FFCRA credits for leave taken before April 1, 2021, and $15,100 in ARPA credits for leave taken after March 31, 2021.

Petitioner did not include with her 2021 return Form 7202, Credits for Sick Leave and Family Leave for Certain Self-Employed Individuals, to support her claimed refundable COVID–19-related sick and family leave credits. She provided this form for the first time to

respondent after her return had been selected for audit. On the form, petitioner listed $80,650 in net earnings from self-employment income. She checked the box on this form indicating that she was electing to use her prior year net earnings from self-employment to calculate the credit. However, this amount does not align with the amount reported on her 2020 income tax return, which did not report any self-employment income. Petitioner further provided under audit an unsigned alternative 2020 return, the self-employment income listed on which does not match either the amount on her 2020 return or that listed on her Form 7202.[3] Thus, petitioner has taken three different positions concerning her 2020 self-employment income.

Despite having signed a written partnership agreement in November 2020, Mr. Kanda and petitioner did not file a partnership tax return for 2021 or take other steps indicating a business partnership arrangement.

On February 12, 2024, respondent issued the Notice, which disallowed all the income, deductions, and expenses from petitioner's Schedule C for the year at issue. The Notice also denied petitioner's refundable COVID–19-related sick and family leave credits.

*Discussion*

I.    *Legal Standards*

A.    *Burden of Proof*

Generally, the Commissioner's determinations set forth in a Notice of Deficiency are presumed correct, and taxpayers bear the burden of showing that the determinations are in error. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). This presumption necessitates that a taxpayer provide sufficient evidence to contradict the determination. *Estate of Gilford v. Commissioner*, 88 T.C. 38, 51 (1987). Thus, a taxpayer must prove entitlement to any deductions or credits claimed. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *Estate of Morgan v. Commissioner*, T.C. Memo. 2021-104, at *13. Petitioner does not contend, and the evidence does not establish, that the burden of proof should shift to respondent under section 7491(a). Accordingly, petitioner bears the burden of proof for the issues in dispute.

---

[3] This unsigned 2020 return listed $6,700 in net earnings from a trade or business.

B.    *Recordkeeping*

Taxpayers must maintain records adequate to substantiate their income, deductions, credits, and other tax attributes. *See* § 6001. These records should be sufficient to establish the amount of gross income or other matters shown on the tax return. Treas. Reg. § 1.6001-1(a); *see also Higbee v. Commissioner*, 116 T.C. 438, 440 (2001). Taxpayers shall retain these records as long as they may become material in the administration of the Code. Treas. Reg. § 1.6001-1(e). The failure to keep and present accurate records counts heavily against a taxpayer's attempted proof. *See Rogers v. Commissioner*, T.C. Memo. 2014-141, at *17.

In addition to the general recordkeeping requirements, this case involves COVID–19-related sick and family leave credits, which have their own recordkeeping requirements. FFCRA § 7002(d)(2), 134 Stat. at 213, and ARPA § 9643(e)(1), 135 Stat. at 175, deny their respective credits unless the taxpayer maintains such documentation as the Secretary may prescribe to establish that the taxpayer is an eligible self-employed individual.

In March 2022, the Internal Revenue Service published two Fact Sheets related to the FFCRA and the ARPA setting forth the documentation that self-employed individuals must maintain to establish credit eligibility.[4] Pursuant to this guidance, a self-employed taxpayer may substantiate eligibility for FFCRA and ARPA credits in part by providing (i) the name of the person, (ii) the dates of leave, (iii) a statement of the COVID–19-related reason the employee is requesting leave and written support for such reason, and (iv) a statement that the employee is unable to work for such reason.[5]

---

[4] *See* Internal Rev. Serv., *Tax Credits for Paid Leave Under the Families First Coronavirus Response Act for Leave Prior to April 1, 2021*, FS-2022-16, FAQ 68 (Mar. 2022), https://www.irs.gov/pub/taxpros/fs-2022-16.pdf; Internal Rev. Serv., *Tax Credits for Paid Leave Under the American Rescue Plan Act of 2021 for Leave After March 31, 2021*, FS-2022-15, FAQ 122 (Mar. 2022), https://www.irs.gov/pub/taxpros/fs-2022-15.pdf.

[5] *See* Internal Rev. Serv., FS-2022-16, FAQ 44–46a, 68; Internal Rev. Serv., FS-2022-15, FAQ 64, 122.

II.    *Analysis*

   A.    *Schedule C Income and Expenses*

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. § 162(a); Treas. Reg. § 1.162-1(a); *cf.* § 262(a) (providing that a taxpayer may not deduct personal, living, or family expenses). Neither the Code nor the regulations provide a generally applicable definition of a trade or business. *Commissioner v. Groetzinger*, 480 U.S. 23, 27 (1987). Rather, the determination of whether an activity constitutes a trade or business requires an examination of the facts in each case. *Id.* at 29.

To be engaged in a trade or business, a taxpayer must engage in the activity with continuity and regularity, and with the primary purpose of earning income or making a profit. *Id.* at 35. A trade or business, however, is a concept that falls far short of reaching every income or profit-making activity. *Id.* Accordingly, the determination of whether the taxpayer's activities constitute a trade or business is a question of fact. *Johnson v. Commissioner*, T.C. Memo. 2025-87, at *9.

The Notice disallowed petitioner's Schedule C income and expenses for the year at issue in their entirety. Respondent contends that petitioner did not operate a trade or business because her activities were irregular and not continuous. The Court agrees that there was no trade or business because the substantial inconsistencies in petitioner's tax and business documents cast doubt on the extent of petitioner's business activities or indeed whether they occurred at all, at least in the manner claimed.

Other than her own testimony and a limited set of customer invoices and other documents, petitioner provided little evidence to show that she engaged in a trade or business. Petitioner's expense reports consist of three handwritten pages that are internally inconsistent and include a "total expense" line item that far exceeds the itemized expenses listed. Petitioner did not provide bank statements to reconcile the income and expense amounts. Moreover, the dates of the expense reports precisely align with the limited months for which the COVID–19-related sick and family leave credits were available.

Given the totality of the inaccuracies, the Court doubts the veracity of the evidence presented and cannot find the records credible. In deciding whether a taxpayer has carried his burden of proof, witness

credibility is an important factor. *Mazotti v. Commissioner*, T.C. Memo. 2024-75, at *8. A taxpayer's general statement that expenses were paid in pursuit of a trade or business is insufficient to establish that the expenses had a reasonably direct relationship to any such trade or business. *Sham v. Commissioner*, T.C. Memo. 2020-119, at *58. The Court is not bound to accept a taxpayer's self-serving testimony. *Jackson Crossroads, LLC v. Commissioner*, T.C. Memo. 2024-111, at *26 (citing *Tokarski v. Commissioner*, 87 T.C. 74, 77 (1986)), *aff'd*, Nos. 25-10744, et al., 2026 WL 822261 (11th Cir. Mar. 25, 2026). Consequently, petitioner has failed to carry her burden to establish the existence of a trade or business, and the record does not support any of the amounts listed on petitioner's Schedule C. The Court therefore has no basis on which to reach a different conclusion from the Notice, which is presumed to be correct.[6]

### B. *COVID–19 Tax Credits*

In 2020 Congress created the FFCRA credits, refundable credits for self-employed individuals that regularly carry on a trade or business but were unable to work or telework because of the COVID–19 pandemic. *See* FFCRA §§ 7002, 7004. The FFCRA credits were available for "leave" taken between April 1, 2020, and March 31, 2021. *See* FFCRA §§ 7002(e), 7004(e), 134 Stat. at 214, 218.

Under the FFCRA, the inability to work is tied definitionally to whether the self-employed individual would have had a "need for leave" if the individual had been an employee. *See* FFCRA §§ 5101, 5102, 7002(b)(2), 7004(b)(2), 134 Stat. at 195–96, 212, 217. For this purpose an employee would have a "need for leave" if (1) the employee is subject to a federal, state, or local quarantine order related to COVID–19, (2) a health care provider advised the employee to self-quarantine because of COVID–19, (3) the employee is experiencing symptoms of COVID–19 and is seeking a medical diagnosis, (4) the employee is caring for an individual who is (i) subject to a quarantine order or (ii) has been advised by a health care provider to self-quarantine because of COVID–19 concerns, (5) the employee is caring for a child if there is a school or day care closure due to COVID–19, or (6) the employee is experiencing any

---

[6] The effect of the Notice disallowing the Schedule C in its entirety is actually favorable to petitioner. If the Notice had allowed the amounts reported on the Schedule C, petitioner would have been liable for an additional $1,440 in self-employment tax.

other substantially similar condition specified by administrative guidance. FFCRA § 5102(a), 134 Stat. at 195–96.

The credit amounts are calculated using a formula based on the self-employed individual's self-employment income. FFCRA §§ 7002(c), 7004(c), 134 Stat. at 212–13, 217.

In 2021, Congress created the ARPA credits, which were available from April 1 through September 30, 2021. ARPA §§ 9642 and 9643, 135 Stat. at 171–76. The ARPA credits are similar to the FFCRA credits in that they are based on a self-employed individual's self-employment income from a trade or business, but they use an expanded "need for leave" definition, among other differences. ARPA §§ 9642(b)(2), (c), 9643(b)(2), (c), 135 Stat. at 172–75.

Petitioner claimed $28,000 in refundable COVID–19-related sick and family leave credits ($12,900 in FFCRA credits and $15,100 in ARPA credits) for the year at issue. However, petitioner has failed to substantiate her eligibility for these credits. As discussed above, the Court has concluded that petitioner did not engage in a trade or business for the year at issue. On the basis of her failure to meet this threshold requirement alone, petitioner is ineligible for the credits she claimed. In addition, petitioner has failed to show that her inability to work was related to any of the required "need for leave" criteria. Petitioner's admittedly severe health problems are not sufficient to establish her eligibility, and she failed to provide the Court with any of the specific documentation required to establish that she was an eligible self-employed individual for purposes of credit eligibility.[7]

Additionally, even if petitioner had satisfied the eligibility criteria, she has failed to substantiate her entitlement to the credits claimed. While the records she provided purport to show that she worked cleaning vehicles in 2021, at least some documents are internally inconsistent, and taken together they are insufficiently detailed to support her claims for refundable COVID–19-related sick and family leave credits. Moreover, petitioner has taken multiple inconsistent positions concerning her 2020 self-employment income. The Form 7202 she provided under audit to justify her claimed credits lists self-employment income of $80,650, based on her 2020 self-employment

---

[7] As stated above, the COVID–19-related sick and family leave credits have additional documentation requirements, which were not satisfied.

income.[8] She also proffered under audit an unsigned 2020 return which claimed a different amount of self-employment income. However, on the 2020 return she actually filed, petitioner reported no self-employment income.[9] These inconsistencies go beyond poor recordkeeping and suggest pure fabrication.[10]

## III.   *Conclusion*

The Court concludes that, for the year at issue, petitioner did not engage in a trade or business and has failed to establish her eligibility for any COVID–19-related sick and family leave credits or to substantiate the amounts claimed. The Court thus sustains the deficiency in its entirety.

To reflect the foregoing,

*Decision will be entered for respondent as to the deficiency and for petitioner as to the section 6676 erroneous claim for refund or credit penalty.*

---

[8] In claiming and calculating the credit, an individual may elect to use the net earnings from self-employment for the prior taxable year when calculating the average daily self-employment income. *See* Consolidated Appropriations Act, div. N, § 287, 134 Stat. at 1991; ARPA §§ 9642(c)(3), 9643(c)(3), 135 Stat. at 172, 175. Petitioner chose to use her 2020 self-employment net earnings to calculate her 2021 amount.

[9] Indeed, the only income petitioner reported for 2020 was unemployment compensation. Even if she had used her 2021 self-employment income, the $80,650 used to calculate the credit is over eight times her reported self-employment income for that year.

[10] Petitioner testified that the $80,650 amount might be a mistake.